ALD-013                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3382
_____

IN RE:  ABEL RODRIGUEZ,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-10-cr-00809-PD)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 18, 2013
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: October 25, 2013)
_____

OPINION
_____

PER CURIAM

Abel Rodriguez is charged with identity theft offenses pursuant to 18 U.S.C.

§ 1028.  After a medical examination was conducted, the District Court deemed

Rodriguez incompetent to stand trial and committed him to the custody of the Attorney

General pursuant to 18 U.S.C. § 4241(d).[1]  The Government moved for a judicial order

---

[1] Many of the filings that may be relevant to this matter are under seal in the District Court.  We therefore have relied upon the Government's Response in Opposition to the Motion of the Defendant's Daughter for Appointment as Guardian Ad Litem for Incompetent Father, ECF No. 112, for most of the background.

permitting the involuntary administration of medication after doctors reported that Rodriguez, who had refused treatment, might be restored to competency if he received anti-psychotic medication.  The District Court denied the motion on October 17, 2012, and instead granted Rodriguez's request for an administrative hearing pursuant to Washington v. Harper, 494 U.S. 210 (1990), which generally requires an independent psychiatrist to determine whether involuntary medication is necessary because an inmate is dangerous to himself or others.  On February 1, 2013, the District Court noted that the Harper hearing had not yet occurred and ordered the Bureau of Prisons ("BOP") to hold it within 45 days.  In response to a request from the BOP, the District Court extended the time to March 29, 2013 to allow the evaluation of Rodriguez to be completed.  The District Court docket reflects that two status reports and a forensic evaluation regarding Rodriguez have been filed since the March 29th deadline.   In August 2013, Rodriguez filed a mandamus petition alleging that the District Court ordered a discharge hearing in February 2013 and that the BOP had not yet filed an evaluation or report.  Rodriguez contends that his due process rights have been violated, and he seeks an order compelling the District Court to hold a hearing "to determine the need for his incarceration."

Mandamus is a remedy appropriate only in extraordinary circumstances.  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and indisputable" right to the issuance of the writ and that he has "no other adequate means to obtain the desired relief."  Id. Rodriguez has failed to satisfy this standard.  First, he has not shown a "clear and

2

indisputable" right to relief because his factual assertions appear to be incorrect. Rodriguez claims that the District Court ordered a discharge hearing in February 2013, but the docket reflects that a hearing regarding the administration of medication was ordered. Even assuming that Rodriguez is referring to that hearing, the fact that status reports and a forensic evaluation have been filed since the deadline set by the District Court casts doubt on his claim that no evaluation or report regarding his continued commitment has been filed. Furthermore, Rodriguez has not shown that he has no other means to obtain relief. We note that Rodriguez is represented by counsel in the District Court, and he has not persuasively explained why any concerns regarding his commitment cannot be raised by counsel, particularly given the upcoming hearing scheduled for December 16, 2013, for which the court has ordered Rodriguez to be present.

For these reasons, we will deny the petition.